

Signed/Docketed
July 31, 2015

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re ) | |
| ) | Case No. 14-13200 MER |
| DAN ROSS RAABE ) | |
| KAORU UEKI RAABE ) | Chapter 13 |
| ) | |
| Debtors. ) | |

## ORDER

This matter came on for hearing regarding the Chapter 13 Fee Application filed by Counsel for the Debtors ("Application") and the Response to Chapter 13 Fee Application ("Response") filed by the Chapter 13 Trustee ("Trustee").

The facts are not in dispute. Debtors' counsel, Erik Atzbach ("Atzbach") filed an initial Disclosure of Compensation in the amount of $3,600.00, with $1,719.00 paid prepetition, leaving $1,881.00 due.[1] On January 8, 2015, the Debtors' Amended Chapter 13 Plan dated December 11, 2014 (the "Plan") was confirmed.[2] Section II of the Plan indicated total attorney's fees were estimated to be $10,000.00, of which $4,519.00 had been paid.[3]

On February 6, 2015, Atzbach filed the Application, seeking total fees of $10,000.00 and total expenses of $111.00.[4] The Application stated $4,519.00 had been paid to date (not including the $310.00 filing fee) leaving $5,592.00 to be paid through the Plan.

After the petition date, and before the Application was filed, Atzbach received an additional $2,800.00 which was not subject to court order.[5] The

---

[1] Docket No. 5.

[2] Docket No. 65.

[3] Docket No. 58. See also Section IV(A)(1), indicating $5,481.00 in estimated unpaid attorneys' fees and $150.00 in estimated unpaid attorneys' costs.

[4] Docket No. 67.

[5] Docket No. 69, Trustee's Objection, ¶ 8.

Trustee's objection notes the $10,000.00 fee and post-petition $2,800.00 payment were disclosed for the first time in the Plan.

The reasonableness of the fees and expenses sought by Atzbach is not disputed by the Trustee. The Court has reviewed the Application and the file, and finds the requested fees and expenses in the amount of $10,111.00 are reasonable under the circumstances of this case. In addition, the Court notes Section VI of Atzbach's Flat Fee Agreement for Chapter 13 Bankruptcy Case, entered into with the Debtors on February 14, 2014, indicates such items as motion to avoid liens and objection to claims, as well as other contested matters are not included in Atzbach's flat fee and would be billed hourly.[6]

The question before the Court is whether listing the additional fees and expenses and the additional post-petition payments in the Plan excused Atzbach from filing a Supplemental Disclosure of Compensation, or from applying for approval of the additional $2,800.00 paid post-petition. The Court's review of the Bankruptcy Code, relevant case law, and the applicable rules, both federal and local, leads it to conclude the answer is no.

First, although Atzbach argued some courts have indicated the provision of a specific amount of attorney fees in a Chapter 13 plan acts as *res judicata* as to such fees, those cases are not binding in this jurisdiction.[7] Title 11 U.S.C. § 329[8] requires an attorney representing a debtor in any case, including a Chapter 13 case, to file a statement of compensation paid or agreed to be paid, and provides if such compensation exceeds the reasonable value of such services, the court may order disgorgement of the excessive fees.[9] In turn, the criteria for evaluating attorney compensation is set forth in § 330(a), and that of Chapter 13 counsel is addressed specifically in § 330(a)(4)(B).[10] Moreover, the Court has an independent duty to review the reasonableness of fees sought in

---

[6] Atzbach's Exhibit 4, Flat Fee Agreement for Chapter 13 Bankruptcy Case.

[7] *See In re Young*, 285 B.R. 168, 174 (Bankr. D. Md. 2002) (holding "the confirmation of a plan, in which a specific amount of disbursement to counsel. . .was required, acted as a final adjudication. . . .").

[8] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[9] *See* § 329(b)(1)(B).

[10] Section 330(a)(4)(B) states: "In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."

Chapter 13 cases, even in the absence of objections.[11]  Accordingly, the Court finds *res judicata* does not excuse Atzbach from following the disclosure and fee application requirements set forth in the Code and in Local Bankruptcy Rule 2016-1.

>Second, according to FED. R. BANKR. P. 2016(b):
>
>Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, <u>the statement required by § 329</u> of the Code including whether the attorney has shared or agreed to share the compensation with any other entity . . . . <u>A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed</u>.[12]

The United States Bankruptcy Appellate Panel of the Tenth Circuit has noted the disclosure requirements of § 329 and FED. R. BANKR. P. 2016(b) are mandatory, not voluntary, and "an attorney who fails to comply with [those] disclosure requirements . . . forfeits any right to receive compensation for services rendered on behalf of the debtor and may be order to return fees already received."[13]  Therefore, Atzbach should have filed a supplemental statement of his compensation when the fees were increased and the additional payments were made.  Including an estimate of fees and expenses in the plan was insufficient.

>Third, this Court has found § 331, governing interim compensation, does not apply to Chapter 13 cases.[14]  However, even if such compensation were allowed in Chapter 13, it could not occur without prior application to and approval from the Court.  Accordingly, it was also wrong for Atzbach to receive additional post-petition payments without applying for them or disclosing them.

>Under the limited circumstances of this case, the Court will refrain from ordering Atzbach to disgorge the fees he received post-petition, as Atzbach represented he was confused as to the proper procedures, and admitted he made a mistake in failing to file a supplemental disclosure of compensation.

---

[11]  *In re Zamora*, 251 B.R. 591, 596-597 (D. Colo. 2000).

[12]  FED. R. BANKR. P. 2016(b) (emphasis added).

[13]  *In re Smitty's Truck Stop, Inc.*, 210 B.R. 844, 848 (10th Cir. BAP 1997)

[14]  *In re Stevens*, 2006 WL 2711467, at *2 (Bankr. D. Colo. Sept. 14, 2006) (Not Reported in B.R.).

However, in the future, Atzbach and other attorneys who represent Chapter 13 debtors are advised to be on notice that they must have their post-petition fees and expenses approved before they are paid, and must update their disclosure of compensation as necessary. If they do not, their fees will be subject to disgorgement.

Dated July 31, 2015          BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court